This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellant,

v.                                                                            **NO. 33,038**

**STEVEN PORTILLO,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1} The State appeals the district court's order dismissing this case on the basis of a violation of the defendant's right to a speedy trial. This Court issued a notice of proposed summary disposition, proposing to reverse and remand for a consideration of the factors outlined in *State v. Garza*, 2009-NMSC-038, ¶ 39, 146 N.M. 499, 212 P.3d 387. Defendant has filed a memorandum in opposition, which we have duly considered. As we are unpersuaded by Defendant's arguments, we reverse and remand.

{2} The State suggested below that, for speedy-trial purposes, this case could be treated as a case of intermediate complexity. [RP 108] Relying upon that characterization and upon *State v. Spearman*, 2012-NMSC-023, 283 P.3d 272, the district court determined that the seventeen months that had elapsed since Defendant's indictment were presumptively prejudicial. [RP 120-21] When a case is pending for longer than the presumptively prejudicial period, New Mexico courts must apply the four factors discussed in *Garza* to determine whether a speedy-trial violation has occurred. *Garza*, 2009-NMSC-038, ¶ 23. Instead of performing that analysis, the district court in this case relied upon outdated precedents to hold that—in order to avoid a dismissal—the State must rebut a presumption of prejudice arising from the fact that the case was pending longer than fifteen months. [RP 121]

2

**{3}** Our notice of proposed summary disposition proposed to reverse in order that the district court may conduct the proper analysis. [CN 4] In his memorandum in opposition, Defendant points out that the four *Garza* factors were discussed in both the motion to dismiss and in the State's response thereto. [MIO 2-3; RP 85-91, 106-113] Defendant also asserts that the district court's citation to *Spearman*, which was decided well after *Garza* and which discusses the proper application of the four-factor test for a speedy-trial violation, establishes that the district court properly considered those factors. [MIO 2]

**{4}** The order appealed, however, explicitly recites that, because of the seventeen months of delay, the State was required to "affirmatively establish that the Defendant's speedy trial rights [had] not been violated," before concluding that "the State [had] not made the requisite showing to overcome the presumption of prejudice." [RP 121] These recitations in the dismissal order misstate the law in New Mexico, as *Garza* explicitly abolished the presumption relied upon by the district court in this case. *Garza*, 2009-NMSC-038, ¶ 21. Rather than giving rise to an actual presumption, a "presumptively prejudicial" period of delay merely triggers inquiry into the four-factor test for a violation of the right to a speedy trial. *Id.*

**{5}** The district court's reliance upon *Spearman* for an unrelated proposition—that the presumptive period for a case of intermediate complexity is fifteen months—does

not overcome the fact that the dismissal order misstates the law and then explicitly relies upon that misstatement of the law. [RP 121] Thus, for the reasons stated here and in our notice of proposed summary disposition, we reverse and remand this case to the district court for a consideration of the factors described in *Garza*.

{6}      **IT IS SO ORDERED.**


_____
                                        **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**